UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI
CIVIL CASE NO: 10-655-SJD-JGW

**KENNETH HAUGABOOK,**                                                                           **PETITIONER,**

**V.**

**WARDEN, LEBANON**
**CORRECTIONAL INSTITUTION,**                                                                **RESPONDENT.**

### REPORT AND RECOMMENDATION[1]

Petitioner Kenneth Haugabook's petition for habeas corpus pursuant to 28 U.S.C. §2254. [Doc. 1] has been referred to the undersigned. For the following reasons, I recommend the petition be denied.

**I. Factual and Procedural History**

As related by the Ohio First District Court of Appeals, the pertinent facts underlying petitioner's convictions are:

> Haugabook pleaded guilty to involuntary manslaughter, aggravated vehicular homicide, vehicular assault, failure to comply with an order or signal of a police officer, and failure to stop after an accident. According to the statement of facts offered by the state during the plea hearing, the offenses were committed after Haugabook had attempted to avoid a sobriety checkpoint in Butler County. Haugabook made a U-turn to avoid the checkpoint, and a Butler County sheriff's deputy pursued Haugabook to cite him for the illegal turn. Haugabook failed to stop, and a high-speed chase ensued. After he had passed into Hamilton County, Haugabook hit an SUV driven by Randall Specht. Specht's 18-month-old daughter sustained a fracture leg in the crash. Haugabook continued driving his car and hit a motorcycle driven by John Kallmeyer. Kallmeyer was killed by the impact. Haugabook then exited from his car and fled on foot. Haugabook was arrested shortly thereafter.
> The trial court accepted Haugabook's guilty pleas and ordered a presentence investigation. The presentence investigation revealed that

---

[1]**Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation**.

> Haugabook had an extensive record consisting of seven felony convictions, including two convictions for failure to comply, and 25 misdemeanors, including 16 convictions for driving without a license or driving under suspension. Haugabook had served three prison terms and had failed on seven occasions to successfully complete probation. After hearing from Haugabook, his family, and the victims' families, the trial court sentenced Haugabook to ten years for involuntary manslaughter, five years for vehicular assault, five years for failure to comply, and five years for failing to stop after an accident. The sentences were consecutive for a total of 25 years' confinement. The aggravated-vehicular-homicide count was merged with the involuntary-manslaughter count. Additionally, the court imposed a lifetime driver's license suspension.

Doc. 10-1, p. 42-43.

Petitioner's only assignment of error on appeal was his assertion that his sentence was inconsistent with, and disproportionate to, sentences received by others who had committed similar offenses. Petitioner did not rely upon the United States Constitution or other federal law in that appeal. The Ohio First District Court of Appeals rejected petitioner's argument in May 2009.

Petitioner then filed an appeal to the Ohio Supreme Court, again arguing only that his sentence was disproportionate to sentences received by persons who had committed similar offenses. In that appeal, petitioner first raised a federal due process argument. Petitioner's memorandum in support of jurisdiction, however, cited no federal cases and did not contain any detailed analysis of his federal due process claim. *See Id.* at p. 46-53. Instead, petitioner's claim was mainly based on Ohio state law and made only fleeting reference to the United States Constitution, such as his terse argument that the trial court:

> violated appellent's [sic] rights to due process of law under the Fifth and Fourteenth Amendments to the U.S. Constitution and his right to due course of law under Article I. § 16 of the Ohio Constitution when it sentenced him contrary to the Ohio Revised Code § 2929.11(B) which requires that the sentence imposed for a felony be "consistent with sentences imposed for similar crimes by similar offenders."

2

Doc. 10-1, p. 50 (emphasis omitted). In October 2009, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question." *Id.* at p. 57.

In September 2010, petitioner filed this § 2254 petition. Again, petitioner's argument is that his sentence is so disproportionate as to violate his right to due process.

**II. Analysis**

**A. Standard of Review**

The standard of review of a § 2254 petition depends upon whether the claim was adjudicated on the merits in state court. If the claim was adjudicated on the merits, a court should grant a habeas petition only if:

> the adjudication resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) was based upon an unreasonable determination of the facts in light of the evidence presented to the state courts.

*Willis v. Smith*, 351 F.3d 741, 744 (6th Cir. 2003).

A different standard applies to claims which were not adjudicated on the merits by state courts (i.e., procedurally defaulted claims):

> When a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review. A petitioner may avoid this procedural default only by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case.

*Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000) (internal citations omitted). A claim is procedurally defaulted if a habeas petitioner has "failed to comply with a state procedural rule that is applicable to the petitioner's claim" and "the state courts actually enforced the procedural

rule in the petitioner's case; and . . . the procedural forfeiture is an 'adequate and independent' state ground foreclosing review of a federal constitutional claim." *Willis*, 351 F.3d at 744.

### B. Procedural Default

Respondent contends petitioner's federal constitutional claim has been procedurally defaulted because he did not raise any federal constitutional claim in his appeal to the First District Court of Appeals.[2]  Indeed, the Ohio Supreme Court will not consider constitutional claims not raised before the Ohio Court of Appeals.  *See, e.g., Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985).  Thus, a claim brought before the Ohio Supreme Court which was not raised before the Ohio Court of Appeals has been procedurally defaulted.  *See, e.g., Smith v. Warden*, 2010 WL 3075166, at *14 (S.D. Ohio April 14, 2010) ("The Ohio Supreme Court has stated that it will not consider constitutional claims not raised and preserved in the Ohio Court of Appeals. . . . District courts within the Sixth Circuit have consistently found Ohio's procedural rule requiring claims to be presented in the lower appellate court prior to being presented to the Ohio Supreme Court to be an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim.  Thus, Grounds Two, Three, Four, Five, Eight, and Nine of the petition are procedurally defaulted.") (citations and internal quotation marks omitted).  Petitioner's failure to raise his federal due process argument before the Ohio Court of Appeals means that argument has been procedurally defaulted for purposes of federal habeas

---

[2]Petitioner also cites Ohio state law in his habeas petition.  But petitioner is not entitled to federal habeas relief for any alleged violations of Ohio state law. *Wilson v. Corcoran*, ___ U.S. ___, 131 S.Ct. 13, 16 (2010) ("we have repeatedly held that federal habeas corpus relief does not lie for errors of state law.") (internal quotation marks omitted).  *See also Kopsolias v. Davis*, 2007 WL 201024, at *1 (E.D. Mich. Jan. 23, 2007) ("Petitioner's assertion that her sentence is disproportionate under state law fails to state a claim for federal habeas relief.").

4

review.[3]

The question thus becomes whether petitioner has shown "cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default . . . ." *Seymour*, 224 F.3d at 549-50.  To demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent.  *See, e.g., Jamison v. Collins*, 100 F.Supp.2d 647, 670 (S.D. Ohio 2000); *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (holding that "where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.").  Petitioner's 2254 petition does not contain a showing that he is actually innocent.

Since petitioner has not shown that enforcing the procedural default will result in a miscarriage of justice, he must show both cause for the default and prejudice resulting from it. *See Murray*, 477 U.S. at 496 (explaining that cause and prejudice test is conjunctive, not disjunctive).  Petitioner has shown neither cause nor prejudice.

Petitioner has not shown cause because he has not demonstrated that a factor external to his defense prevented him from complying with Ohio's procedural rules.  *Id.* at 488  ("we think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.").  Petitioner has made no showing as to why he did not, or

---

[3]"Merely using talismanic constitutional phrases like 'fair trial' or 'due process of law' does not constitute raising a federal constitutional issue." *Abshear v. Moore*, 546 F.Supp.2d 530, 537 (S.D. Ohio 2008).  Petitioner's brief to the Ohio Supreme Court only fleetingly referred to the Due Process Clause without elaboration.  A reasonable conclusion thus could be drawn that petitioner did not fairly present a federal claim to the Ohio Supreme Court.

could not, raise a federal due process argument before the Ohio Court of Appeals. Although his failure to show cause for the procedural default is fatal to his claim, I also briefly note that petitioner has also not shown prejudice.

A petitioner shows prejudice by showing that an error "worked to his *actual* and substantial disadvantage . . . ." *United States v. Frady*, 456 U.S. 152, 170 (1982). In order to demonstrate prejudice, therefore, a petitioner must show a reasonable probability that the outcome of the proceedings would have been different. *See, e.g., Wright v. Lazaroff*, 643 F.Supp.2d 971, 988 (S.D. Ohio 2009) (citing *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003)). Petitioner's terse petition does not show how the outcome of his appeal would have been different if he had raised a federal due process claim before the Ohio Court of Appeals. Thus, he has not shown prejudice.

### C. Merits

Even if petitioner could overcome his procedural default, I agree with respondent that petitioner is not entitled to relief. Under federal law, "[s]trict proportionality between a crime and its punishment is not required. Only extreme sentences that are grossly disproportionate to the crime are prohibited." *Thompson v. Williams*, 685 F.Supp.2d 712, 716 (N.D. Ohio 2010) (citations omitted). A sentence within the statutory maximum generally does not violate the Eighth Amendment's prohibition against cruel and unusual punishment.[4] *See, e.g., Austin v.*

---

[4] Though petitioner's § 2254 petition refers only to the Due Process Clause of the United States Constitution, his reply brief refers to his sentence as being "cruel and unusual and disproportionate." Doc. 14, p. 2. Thus, liberally construed, petitioner also raises an argument that his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment. Petitioner's failure to raise an Eighth Amendment claim before the state appellate courts renders the claim procedurally defaulted, however.

*Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). "Additionally, petitioner's argument that his sentence is cruel and unusual when compared with sentences that others have received for committing similar crimes lacks merit because the Constitution does not require comparative proportionality." *Thompson*, 685 F.Supp.2d at 716.

Petitioner has not shown that his punishment was outside the range permitted under Ohio law. To the contrary, the Ohio Court of Appeals expressly found that the sentence was "within the statutory guidelines for the offenses[,]" Doc. 10-1, p. 44, a conclusion which petitioner has not shown to be erroneous. And though criminal defendants have a due process right to a fair sentencing procedure,[5] petitioner has not shown how the sentencing procedure was not fair.

Thus, taking into account all of the relevant facts and circumstances of this case, petitioner is not entitled to habeas relief as his sentence does not violate the United States Constitution.

**III. Conclusion**

For the foregoing reasons, it is **RECOMMENDED**:

1. Petitioner's 28 U.S.C. § 2254 petition should be **denied**; and

2. A certificate of appealability should not issue with respect to any claim alleged in the petition, because no claim for relief states a "viable claim of the denial of a constitutional right" or presents issues that are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); and

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*

---

[5] *Austin*, 213 F.3d at 300.

from any order adopting the undersigned's Report and Recommendation to deny habeas corpus relief on claims alleged in the petition, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of such order would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

This the 18th day of May, 2011.

s/ J. Gregory Wehrman
J. Gregory Wehrman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**
**AT CINCINNATI**
**CIVIL CASE NO. 10-655-SJD-JGW**

**KENNETH HAUGABOOK**                                        **PETITIONER**

**V.**

**WARDEN, LEBANON CORRECTIONAL**
**INSTITUTION**                                                   **RESPONDENT**

**NOTICE**

Attached hereto is the Report and Recommendation Decision of the Honorable J. Gregory Wehrman, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations **within 14 days** after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).